**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 13, 2022
Date Decided: January 19, 2023

M. Jane Brady, Esquire
Brady Legal Group LLC
36365 Tarpon Drive
Lewes, Delaware 19958

Sarah A. Fruehauf, Esquire
Zi-Xiang Shen, Esquire
Delaware Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801

Re: *Michael Mennella v. The Honorable Anthony J. Albence, in his official capacity as State Election Commissioner, and State of Delaware Department of Elections*, C.A. No. 2022-0179-SG

Dear Counsel:

The Plaintiff here seeks a declaratory judgment that certain state statutes are unconstitutional. The Plaintiff, Michael Mennella, a registered Delaware voter and inspector of elections,[1] brought this action against Defendants, the Delaware State Election Commissioner and the state Department of Election (collectively, the "DoE" or the "State").[2] The Plaintiff challenges the constitutionality of 15 Del. C. § 5402, *et seq.* and 15 Del. C. § 5503(k).[3]

---

[1] Verified Compl. Declaratory J. and Injunctive Relief ¶ 8, Dkt. No. 1.
[2] *Id.* ¶¶ 9–11.
[3] *Id.* 15–16 (Prayer for Relief).

15 Del. C. § 5402, *et seq.* (the "Early Voting Statute") is a statute that permits votes to be cast in person before the day of the general election.[4] Plaintiff avers that the Early Voting Statute violates Article V, Section 1 of the Delaware Constitution of 1897 because the statute "expand[s] the administration of the general election beyond its constitutionally designated day."[5]

15 Del. C. § 5503(k) (the "Absentee Voting Statute") is a statute that requires the DoE to "'automatically send an absentee ballot to each person in permanent absentee status for each election in which the person is entitled to vote.'"[6] Plaintiff contends that this statute violates Article V, Section 4A of the Constitution of Delaware because it "grant[s] eligibility to vote by absentee ballot indefinitely, and without consideration of the applicant's eligibility at each subsequent election."[7]

By way of remedy, the Plaintiff seeks a declaration that these statutes are unconstitutional.[8] Presuming this declaratory relief, the Plaintiff then seeks to enjoin their enforcement by the State.[9] Before me is the Defendants' Motion to Dismiss.[10] The matter was fully briefed,[11] but no argument ensued; consideration was

---

[4] *Id.* ¶ 15.
[5] *Id.* ¶ 47.
[6] *Id.* ¶ 20 (quoting 15 *Del. C.* § 5503(k)).
[7] *Id.* ¶ 58.
[8] *Id.* 15 (Prayer for Relief).
[9] *Id.* 16 (Prayer for Relief).
[10] *See* Defs.' Mot. Dismiss, Dkt. No. 8.
[11] Opening Br. Supp. Defs.' Mot. Dismiss, Dkt. No. 12; Pl. Michael Mennella's Br. Opp'n Defs.' Mot. Dismiss, Dkt. No. 13; Reply Br. Further Supp. Defs.' Mot. Dismiss, Dkt. No 15.

suspended during pendency of another election-law challenge. That case, *Higgin v. Albence*,[12] had certain issues in common with this action. Unlike this action, however, *Higgin* was expedited in light of the then-impending November 2022 election.[13] *Higgin* has since been resolved,[14] and I consider the Motion to Dismiss to be pending decision here. Among the issues briefed on the Motion to Dismiss was subject-matter jurisdiction. As that matter is dispositive, I need not consider the other grounds for dismissal posed by the Defendant, and dismiss the matter based on the complaint and the briefing, without argument.[15]

Chancery is a court of limited jurisdiction. Absent a statutory grant of jurisdiction—not alleged here—jurisdiction in this court is limited to equitable actions[16]—again not present—and to cases where equitable relief is required.[17] Per the complaint, the request for injunctive relief, to follow a determination that the statutes in question are unconstitutional, is sufficient to covey subject matter jurisdiction on the latter ground. It is not.

---

[12] 2022 WL 4239590, (Del. Ch. Sept. 14, 2022), *judgment entered*, (Del. Ch. 2022), *aff'd in part, rev'd in part*, 2022 WL 5333790 (Del. Oct. 7, 2022), *and amended*, (Del. Ch. 2022), *and aff'd in part, rev'd in part*, 2022 WL 5333790 (Del. Oct. 7, 2022).

[13] *Id.* at *6.

[14] *See Albence v. Higgin*, 2022 WL 17591864, (Del. Dec. 13, 2022).

[15] The Defendant moved to dismiss under Rule 12(b)(6), which, given my decision here, I need not—and must not—reach.

[16] That is, actions based on equitable relationships.

[17] *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *5 (Del. Ch. Oct. 5, 2018).

As this Court has had reason to point out recently,[18] a declaratory judgement is available at law, and a simple request for a follow-on injunction is insufficient to convey Chancery jurisdiction. The syllogism, per Plaintiff, supporting jurisdiction, is as follows:

1) A government ukase is unconstitutional or otherwise unsustainable;

2) The court should, accordingly, declare the ukase unenforceable, and;

3) Equity is required to enforce the declaratory judgement just referenced.[19]

Such a self-proving rationale, to my mind, approaches fatuity.[20]

In the case of a government—Delaware government comes to mind—that is rule-driven, step three is superfluous. In a lawless society, injunctive relief is insufficient. In neither case is equity invoked.[21]

As I have had occasion to recently point out, equity can have a vital role in cases of constitutional violation:

Where there is a real chance that relief will not be forthcoming absent injunction, equity is invoked. Where the right requires a remedy

---

[18] *See In re COVID-Related Restrictions on Religious Servs.*, 2022 WL 17101449, (Del. Ch. Nov. 21, 2022); *see also Birney v. Delaware Dep't of Safety & Homeland Sec.*, 2022 WL 16955159, (Del. Ch. Nov. 16, 2022).

[19] As I understand the Plaintiffs' argument, as an election inspector Mennella would be unable to comply with his oath of office if the State attempts to enforce unconstitutional election law. *See generally* Pl. Michael Mennella's Br. Opp'n Defs.' Mot. Dismiss.

[20] To the Plaintiff's credit, perhaps, he fails to respond directly to the Defendants' contention that he lacks subject matter jurisdiction. *See id.*

[21] In a (probably apocryphal) response to a United States Supreme Court decision with which he disagreed, *Worcester v. Georgia*, 31 U.S 515, Andrew Jackson supposedly stated that "John Marshall has made his decision, now let him enforce it." I find it unlikely that the dictatorial President Jackson of this legend would have nonetheless been swayed, had the court only appended an order providing for injunctive relief.

bespoke to the facts, equity is invoked. Where an ongoing deprivation of rights needs a remedy by interim relief, equity is invoked.[22]

This is neatly illustrated by the companion case to the instant action, *Higgin*, referred to above. In *Higgin*, equity was invoked in a constitutional challenge to election law, in light of an imminent election, seeking a restraining order to prevent irreparable harm.[23] Therefore, presumptively, this Court had subject-matter jurisdiction in *Higgin*.[24] By contrast, nothing in this action requires equity to act.

Nothing in this Letter Opinion should be read to imply that the Plaintiff's allegations are inconsequential. In fact, they challenge the enforceability of acts of the General Assembly as violative of the Delaware Constitution, in the single arena—voting rights—most fundamental to a functioning democracy. These are important issues; they are also issues outside the jurisdiction of this Court. Accordingly, this matter is dismissed with leave to transfer to the Superior Court. An order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[22] *Birney*, 2022 WL 16955159, at *2 (citation omitted).
[23] *Higgin v. Albence*, 2022 WL 4239590, at *6.
[24] This issue was does not appear to have been specifically addressed in *Higgin.*

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL MENNELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0179-SG |
| | ) | |
| THE HONORABLE ANTHONY J. | ) | |
| ALBENCE, in his official capacity | ) | |
| as State Election Commissioner, | ) | |
| and STATE OF DELAWARE | ) | |
| DEPARTMENT OF ELECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO TRANSFER</u>

AND NOW, this Thursday, January 19, 2023, upon review of Plaintiffs'

Verified Complaint for Declaratory Judgment and Injunctive Relief (the

"Complaint"), together with the Defendants' Motion to Dismiss and the briefing

thereon, IT IS HEREBY ORDERED that the Complaint is DISMISSED in its

entirety with leave to transfer subject to 10 Del C. § 1902.


<u>/s/ Sam Glasscock III</u>

Vice Chancellor